BERGERON v. THE DARTMOUTH SAVINGS BANK.

BERGERON v. HUNTINGTON & a.

62    655
66    168
66    430
62    655
s63   195
69    669

A judgment will not be reversed, nor will the levy of an execution issued on the judgment be annulled, in equity, upon the mere ground that the defendant had a valid defence which he did not make.

A new trial will not be granted upon the ground of accident, mistake, or misfortune, when the accident or mistake is the neglect of the suffering party's attorney to make a defence which he might have made but did not.

The title and seizin acquired by a valid levy of an execution upon the land of the debtor are sufficient to justify an entry upon the land by the execution creditor and his agents; and for their acts done upon the land, under and by virtue of such levy, no action of trespass can be maintained.

The first named of the actions is a bill in equity for the reversal of a judgment and the annulment of the levy of an execution on the plaintiff's land, issued on the judgment; also for a new trial upon the ground of accident, mistake, and misfortune. The judgment was rendered against the plaintiff and her husband, upon default after an appearance, for the amount of a joint and several promissory note signed by them and payable to the defendant. The plaintiff signed the note, in fact as surety for her husband, which might have been made a defence to the action, as against her, but which she was prevented from making by the negligence of her attorney who had appeared for her.

The second action is a suit at law for trespass by the defendants upon the land upon which the execution was levied, and they entered upon the land and did the acts complained of as agents of the defendant in the first suit and by virtue of the levy.

*Bingham, Mitchells & Batchellor*, for the plaintiff.

*F. Chase* and *Ladd & Fletcher*, for the defendants.

ALLEN, J. The judgment in the suit of the savings-bank against the plaintiff and her husband was not void *per se* as to her, because the record showed she was a married woman. *Prima facie*, the contract of the plaintiff, upon which she was sued and upon which the judgment was founded, was binding upon her, and the fact that it came within the statutory exception, as a contract of suretyship for her husband, was a defence that was not made. It might have been made, and the judgment against her thereby prevented. The fact that it was a defence, which if made use of

would have been effective, cannot now be treated as having the same force it would have had had it been used, nor in the absence of the other party's fraud can it be set up as a ground of equity for defeating the judgment. 2 Sto. Eq. Jur., ss. 894, 895. The record showing no legal error, and the court having jurisdiction of the cause and the parties, the judgment and the levy following it must stand until reversed or set aside by appropriate proceedings. *Claggett* v. *Simes*, 31 N. H. 56 ; *Bruce* v. *Cloutman*, 45 N. H. 37.

The plaintiff is not entitled to a new trial by reason of accident, mistake, or misfortune, if the mistake or accident, against the consequences of which relief is sought, was occasioned by her own fault or negligence (*French's Petition*, 17 N. H. 472), or by the fault or negligence of her authorized attorney appearing in the case. *Handy* v. *Davis*, 38 N. H. 411; *Heath* v. *Marshall*, 46 N. H. 40. The mistake or accident relied on here, which was the plaintiff's failure to make the defence which she had to the suit, was the result of her attorney's negligence, and justice does not require a new trial. The bill in equity is dismissed.

In the second named suit, the acts of the defendants complained of as trespasses were done by them as agents of the defendant in the first suit, under and by virtue of its right of possession to the land acquired by the levy of its execution. The title and right of possession acquired by the extent were sufficient to justify the defendants' acts. *Drown* v. *Foss*, 39 N. H. 525 ; *Ladd* v. *Dudley*, 45 N. H. 61.

*Judgment for the defendants.*

SMITH J., did not sit: the others concurred.